# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA) INC., AT&T INC., AT&T MOBILITY LLC, VERIZON COMMUNICATIONS INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, SPRINT CORPORATION, SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., BOOST MOBILE, LLC, T-MOBILE USA, INC., and T-MOBILE US, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 3:17-cv-2805-K<br><br>JURY TRIAL DEMANDED |

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE
## AS TO DEFENDANT ZTE CORPORATION

Plaintiff Cellular Communications Equipment LLC ("CCE") and Defendants ZTE Corporation and ZTE (USA) Inc. submit the following Stipulation of Dismissal Without Prejudice as to Defendant ZTE Corporation and, in support thereof, state:

1. On October 12, 2017, Plaintiff CCE filed suit against ZTE Corporation, ZTE (USA) Inc., and others for infringement of U.S. Patent No. 8,254,872, U.S. Patent No. 8,902,770, and U.S. Patent No. 8,645,786.

2. ZTE Corporation and ZTE (USA) Inc. represent and warrant that:

    a. ZTE Corporation does not engage in activities under the Patent Act, 35 U.S.C. §§ 1-376, in the United States.

    b.    ZTE Corporation and ZTE (USA) Inc. agree that for purposes of discovery in the above-captioned lawsuits, witnesses, documents and information in the possession, custody, or control of ZTE Corporation, or any of its subsidiaries, are deemed also to be in the possession, custody, and control of ZTE (USA) Inc.  ZTE (USA) Inc. will not object to a request for deposition on the grounds that the prospective deponent is an employee of ZTE Corporation, or any of its subsidiaries (though nothing in this stipulation prevents ZTE (USA) Inc. from objecting to a deposition on other grounds).

    c.    CCE and ZTE (USA) Inc. agree that any depositions of the officers or employees of ZTE Corporation or its subsidiaries who reside outside the United States, including personal and corporate depositions pursuant to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6), respectively, will occur at a location mutually agreed to by the parties in Hong Kong.  If the parties cannot reach agreement on the Hong Kong location, the issue shall be submitted to the Court for resolution consistent with procedures adopted by the Court for resolution of discovery disputes, and ZTE Corporation and ZTE (USA) Inc. and their respective deponents agree to abide by the decision of the Court.  CCE and ZTE (USA) Inc. further agree to meet and confer in good faith in an attempt to resolve any disputes regarding the location of depositions prior to seeking resolution by the Court.  For any such depositions taken in Hong Kong, ZTE (USA) Inc. agrees that CCE shall not be restricted to the use of U.S. consular or U.S. Embassy premises, or to consular officers for certification.  The parties to this Stipulation further agree to waive any objection to a stenographer, provided the stenographer is authorized either under the law of the country

in which the deposition is taken or is a notary public in one of the states, territories, or District of Columbia, of the United States.

d.  ZTE (USA) Inc. is the proper party to defend against allegations made in the above-captioned lawsuit.  Furthermore, ZTE (USA) Inc. or any assignee of ZTE (USA) Inc. is able to satisfy any judgment in the above-captioned lawsuits against it.  ZTE Corporation and ZTE (USA) Inc. each warrant and represent that they will not take any action that will cause ZTE (USA), Inc. to be unable to fully satisfy any such judgment.

e.  Any and all claims or causes of action by CCE against ZTE Corporation relating to the patents-in-suit are tolled from the filing date of this dismissal and for such time as ZTE (USA) Inc. remains a party; and

f.  Upon being dismissed without prejudice from this action, ZTE Corporation (as well as any successor-in-interest thereto) will not initiate a declaratory judgment action against CCE based on liability under the patents-in-suit.

3.  CCE expressly does not stipulate or agree to any of the foregoing facts, and reserves its right to dispute any of the foregoing factual representations.

4.  In reliance upon the representations and warranties made in paragraphs 2(a) – 2(f), above, CCE agrees to dismiss ZTE Corporation without prejudice from this action as allowed under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

5.  CCE has not released, and nothing in this Stipulation should be construed as a release or discharge of, any claim CCE has or may have in the future against any Defendant named in the above-captioned actions or any other asserted infringer of the patents-in-suit.  All other rights have been expressly reserved.

Accordingly, CCE, ZTE Corporation, and ZTE (USA) Inc. request that the Court enter the attached order dismissing ZTE Corporation without prejudice.

**Dated:  December 18, 2017**

| | |
|---|---|
| */s/ Edward R. Nelson III* <br> Edward R. Nelson III <br> ed@nelbum.com <br> Texas State Bar No. 00797142 <br> Ryan P. Griffin <br> ryan@nelbum.com <br> Texas State Bar No. 24053687 <br> Thomas C. Cecil <br> tom@nelbum.com <br> Texas State Bar No. 24069489 <br> NELSON BUMGARDNER PC <br> 3131 West 7th Street, Suite 300 <br> Fort Worth, Texas 76107 <br> Phone: (817) 377-9111 <br> Fax: (817) 377-3485 <br><br> **ATTORNEYS FOR CELLULAR COMMUNICATIONS EQUIPMENT LLC** | */s/ Nicole S. Cunningham* <br> Nicole S. Cunningham (*pro hac vice* to be filed) <br> CA State Bar No. 234390 <br> Steve A. Moore (*pro hac vice* to be filed) <br> CA State Bar No. 232114 <br> PILLSBURY WINTHROP SHAW PITTMAN LLP <br> 501 West Broadway, Suite 1100 <br> San Diego, California 92101 <br> (619) 544-3119 <br> (619) 236-1995 (fax) <br> Nicole.Cunningham@PillsburyLaw.com <br> Steve.Moore@PillsburyLaw.com <br><br> **ATTORNEYS FOR DEFENDANTS ZTE CORP. AND ZTE (USA) INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 18th day of December, 2017.  As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Edward R. Nelson III*